# In the United States Court of Federal Claims

No. 18-270L
(Filed: October 23, 2018)

* * * * * * * * * * * * * * * * * * * * * * * * * *
**ANTHONY FURR,**

      Plaintiff,

v.

**THE UNITED STATES,**

      Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is granted.

### Background[1]

Plaintiff pro se Anthony Furr owns a 50-acre ranch in the Chuckwalla Valley in Riverside County, California, near the Desert Sunlight Solar Project ("DSSP"), a solar site developed by Abengoa, SA and First Solar, Inc. on Bureau of Land Management ("BLM") land. Compl. 2. Plaintiff alleges that he was approached by Abengoa and First Solar, who requested the use of water from Plaintiff's well for dust suppression in conjunction with their construction of the DSSP, but Plaintiff "refused to give free water" to the developers. Id. Plaintiff alleges that the developers subsequently approached his neighbor, who has no well of his own, and offered Plaintiff's neighbor $10,000 for the use of Plaintiff's well water. Id. Plaintiff alleges that BLM was complicit in allowing Abengoa and First Solar to "bribe" Plaintiff's neighbor, and "aided and abetted" Abengoa and First Solar in "covert[ing], us[ing], steal[ing], and conceal[ing] the theft of an estimated 100,000 acre feet of water" from Plaintiff's well. Id. at 1. Plaintiff seeks $96,000,000 in compensation for his allegedly stolen water. Id. at 3.

---

[1] This background is derived from Plaintiff's complaint.

7018 0040 0001 1393 3185

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiff alleges that solar developers Abengoa, SA and First Solar, Inc., "aided and abetted" by BLM, took 100,000 acre feet of water from his well for use in the construction of the DSSP, a federal project. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiff alleges that the developers were responsible for the theft and conversion of his water and bribed Plaintiff's neighbor for the use of Plaintiff's well, and that BLM accepted the false statement of Plaintiff's neighbor that the neighbor was the owner of the well rather than Plaintiff. To the extent that Plaintiff is claiming that BLM committed criminal or tortious conduct by its involvement with the well water scheme, this Court may not entertain such claims as this Court lacks jurisdiction over criminal matters and claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

Plaintiff also alleges "unjust enrichment of BLM clients, solar plant developers, Abengoa, SA, First Solar, Inc., and Nextera Solar Inc," but this Court only has jurisdiction over claims against the United States. Compl. 1. In addition, a claim of unjust enrichment is "an equitable implied-in-law contract claim," and this Court does not have jurisdiction over claims that are implied-in-law. Copar Pumice Co., Inc. v. United States, 112 Fed. Cl. 515, 538 (2013); see also Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1327 (Fed. Cir. 1997).

Plaintiff also appears to invoke the Administrative Procedure Act ("APA") as a basis for this Court's jurisdiction. Compl. 1 ("Claimant also asserts that jurisdiction of this Court rests upon Title 5, Sec. 706 . . . ."). However, this Court does not have jurisdiction over claims brought pursuant to the APA. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (stating that the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to . . . grant relief pursuant to the Administrative Procedure Act" (internal citation omitted)).

Even if the Court were to liberally construe Plaintiff's complaint and find that he alleges a Fifth Amendment taking claim over which the Court has jurisdiction, the complaint contains insufficient factual allegations to support a claim that the United States took the water from Plaintiff's well for public use without paying just compensation.

The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. To state a Fifth Amendment takings claim, a claimant must allege facts sufficient to support the five elements of a takings claim: "'[1] the United States, [2] by some specific action, [3] took a private property interest[,] [4] for public use[,] [5] without just compensation.'" Husband v. United States, 90 Fed. Cl. 29, 35 (2009) (quoting Short v. United States, 50 F.3d 994, 1000 (Fed. Cir. 1995)). Plaintiff does not allege that the United States, by any specific action, took his private property for public use. Thus, to the extent Plaintiff's complaint can be construed as alleging a taking claim, it is subject to dismissal for failure to state a claim upon which relief can be granted.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**